UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

        Appellee,        CASE NO.: 22-3067

v.

ANTHONY WILLIAMS,

        Appellant.
_____/

**APPLICATION PERTAINING TO RELEASE
PENDING APPEAL FROM A JUDGMENT OF CONVICTION**

Anthony Williams applies for release pending appeal under 18 U.S.C. § 3141(b), § 3143(b), § 3145(c), Federal Rule of Appellate Procedure 9(b), and Circuit Rule 9(b). In support, Mr. Williams states the following:

1. On September 16, 2022, in Case No. 21-cr-377, the district court sentenced Mr. Williams to 60 months' imprisonment followed by 36 months' supervised release, after his conviction by jury on five counts, including one felony conviction for obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), and four misdemeanors. Specifically, Mr. Williams was sentenced to 60 months on the felony count (Count 1), twelve months on two misdemeanor counts (Counts 2 and 3), and six months on the other two misdemeanors (Counts 4 and 5), all to be served concurrently. *See* Ex. A., Judgment, R. 131.

1

2. On September 16, 2022, Mr. Williams filed a timely notice of appeal. *See* Ex. B., Notice of Appeal, R. 133.

3. On October 14, 2022, the district court denied Mr. Williams' motion for bond pending appeal. The paperless minute order is attached as Exhibit C. The denial was based on two grounds. First, district court concluded that the argument that a conviction under § 1512(c) required a factual finding that the defendant took action "with respect to a document, record or other object" was not a "substantial such that it is a close question or one that very well could be decided the other way." *See* Ex. C. Second, the district court found that a reversal of the felony conviction would not result in a sentence reduction "less than the total of the time already served plus the expected duration of the appeal process," as required by 18 U.S.C. § 3143(b)(1), because Mr. Williams had only served one day up to that point, and because the appeal was expected to take "less than a year." *Id.*

4. As part of the underlying proceedings, Mr. Williams preserved at least four issues that he intends to raise during this appeal: whether the § 1512(c)(2) charge applies to his conduct; whether § 1512(c)(2) contains an intent element that defendant intended to act corruptly which must be proved beyond a reasonable doubt to the factfinder; whether adjournment of trial or change of venue was proper; and whether the eight-level enhancement for threatening physical injury should apply to his sentence under USSG § 2J1.2(b)(1)(B).

5. Mr. Williams' planned appellate challenges are substantial questions of law that could result in reversal, an order for new trial, or resentencing. In particular, the application of § 1512(c)(2) to actions on January 6, 2021 is an issue that has now been raised by numerous other January 6th participants.

6. In *United States v. Miller*, Case No. 1:21-CR-00119 (CJN), 2022 WL 823070 (D.D.C. Mar. 7, 2022), a D.C. district judge rejected the application of § 1512(c)(2) to a situation similar, but slightly distinguishable from Mr. Williams'. The Government appealed to this circuit; the case was joined with two other defendants, Joseph Fischer and Edward Lang. On April 7, 2023, this Circuit issued the split decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), in which : the opinion for the Court was filed by Judge Pan joined by Judge Walker except as to Section I.C.1 and footnote 8, with Judge Katsas filing a dissenting opinion. *Id.* at 331. Among other things, the opinion and concurrence differ on: (a) whether "corruptly" need be specifically defined in order to resolve the issue before the court, *id.* at 340; *see also id.* at 351 (Walker, J., concurring); and (b) whether, if the rule of *Marks v. United States*, 430 U.S. 188 , 193 (1977) applies to D.C. Circuit split opinions, the concurrence's definition of "corruptly" as including a necessary intent element becomes a holding of the Court, *id.* at 341 n.5; *see also id.* at 362 n.10 (Walker, J., concurring). The dissent also raised a question of how the holding of the Court would apply to peaceful protestors who did not commit assaultive behavior, *id.* at 378 (Katsas, J., dissenting)—a question that the opinion of the Court

3

expressly declined to address because each of the defendants in *Fischer* had, in fact, been convicted of assaultive behavior, *id.* at 341.

7. The defendants in *Fischer* moved to stay the mandate in that case pending disposition of a petition for writ of certiorari, asserting that question about the scope of § 1512(c) presents a substantial and important question of federal law. *See United States v. Fischer*, Case No. 22-3038, Doc. #2001058, at 7 (D.C. Cir. May 26, 2023). This Court granted the motion for a stay over the government's opposition. *See United States v. Fischer*, Case No. 22-3038, Doc. #2003281, at 1 (D.C. Cir. June 13, 2023). This ruling bolsters Mr. Williams' contention that his appeal presents a substantial question regarding the scope of § 1512 as applied to his case. The deadline for filing petitions for writ of certiorari in *Fischer* has been extended to October 5, 2023. *See Fischer v. United States*, Sup. Ct. No. 22-3038.

8. If the *Marks* rule applies to this Circuit's split opinions, and if it applies to the *Fischer* concurrence's definition of "corruptly", then the *mens rea* element of § 1512(c)(2) includes an intent to act corruptly. *See Fischer*, 64 F.4th at 361-62 (Walker, J., concurring). If so, then the trial court in Mr. Williams' case erred by denying the defense's request for a jury instruction that specified that § 1512(c)(2) requires a finding of <u>both</u> unlawful purpose <u>and</u> unlawful intent. If so, Mr. Williams will prevail on his appeal: his § 1512(c)(2) conviction will be vacated, and the case remanded for new trial.

9. Even if the *Fischer* concurrence's definition of "corruptly" is not a holding of this Court, the Opinion of the Court in *Fischer* did note the very issue of the definition of "corruptly" is a pending issue in *United States v. Robertson*, No. 22-3062. *Fischer*, 64 F.4th at 341. If this Court holds in *Robertson* that § 1512(c)(2) includes an intent element as to "corruptly", then again, Mr. Williams is likely to prevail in his own appeal.

10. There is also the question, unresolved by *Fischer*, of whether January 6 defendants who did <u>not</u> commit assaultive acts violated § 1512(c)(2), or at least whether they had notice that such acts were prohibited by § 1512(c)(2). *See Fischer*, 64 F.4th at 342; see also *id.* at 378-80 (Katsas, J., dissenting). Mr. Williams did not commit assaultive acts. *See, e.g.*, Ex. D., Def. Sent. Memo., R. 121, at *13. The misdemeanor acts underlying his § 1512(c)(2) conviction were disorderly conduct and trespass. *See* Ex. A, Judgment, R. 131, *2. This critical distinction is a substantial issue that makes Mr. Williams likely to prevail in his appeal, with the result that his § 1512(c)(2) conviction would be reversed.

11. In addition, one of the preserved issues that Mr. Williams will appeal concerns whether it was proper to apply an eight-level enhancement for threatening physical injury under U.S.S.G. § 2J1.2(b)(1)(B). *See* Ex. D, Def. Sent. Memo, R. 121, at *8-10. If Mr. Williams prevails on that appellate issue, his offense level would reduce from 25 to 17. Then, since he has zero prior criminal history points, he should benefit from a retroactive application of U.S.S.G. § 4C1.1 once that amended guideline

5

becomes effective on February 1, 2024. This would further reduce his offense level from 17 to 15, and reduce his guidelines to 18-24 months, making his current sentence over twice the top of his guidelines and necessitating resentencing.

12. Further, an unavoidable elephant in the room is the former President of the United States, Donald Trump, who was recently himself indicted in the D.C. District Court for allegedly committing a violation of § 1512(c)(2). *See United States v. Trump*, No. 23-0257-TSC. It is virtually without question that Mr. Trump will challenge the applicability of § 1512(c)(2) in his own case. If Mr. Trump prevails in such a challenge, then Mr. Williams will likely similarly prevail in his appeal. Even if the district court and this Circuit deny such a challenge by Mr. Trump, there is a substantial likelihood that the United States Supreme Court will rule in Mr. Trump's favor. This, again, makes Mr. Williams likely to prevail himself.

13. Mr. Williams reported to the Bureau of Prisons on October 18, 2022. As of April 18, 2023, Mr. Williams had completed the six-month term on Counts 2 and 3. As of October 16, 2023, Mr. Williams will have completed the twelve-month term on Counts 4 and 5.

14. The parties in this case have stipulated, and the Court ordered, to hold the briefing schedule in this case in abeyance as we await an outcome in *Fischer,* because of the possibility that *Fischer* will be dispositive in regards to Mr. Williams' appeal of his § 1512(c)(2) conviction. *See, e.g.,* Order, Doc. No. 1996442. To date, the appellate

process has taken nearly a year, and will certainly not be resolved before October 16, 2023, at which point Mr. Williams will have completed the sentence on all his misdemeanor counts. *See* 18 U.S.C. § 3143(b)(1)(B)(iv).

15. These issues, taken individually and together, make Mr. Williams' appeal likely to end in reversal, an order for a new trial, or a sentence reduction to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B)(i, ii, iv).

16. Before surrendering to begin service of his sentence, Mr. Williams was free on pretrial release for over 18 months and was in full compliance with his bond conditions the entire time. He attended trial as directed, and then ultimately voluntarily self-surrendered to serve his sentence. He lived with and acted as primary caregiver for his mother, who suffers from severe COPD and mobility issues that are a result of a brain aneurism. *See* Ex. D., Def. Sent. Memo., R. 121, at *3 (citing, *e.g.*, PSIR, R. 126, ¶ 157.) And he would resume that role if released pending further proceedings. Mr. Williams' compliance on bond is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of community if the same conditions were imposed upon release pending resolution of the appeal. *See* 18 U.S.C. § 3143(b)(1)(A).

17. For the above noted reasons, this Court should grant Mr. Williams release pending appeal.

                                        Respectfully submitted,

                                        s/ Benton C. Martin
                                        s/ Jean Pierre Nogues
                                        Counsel for Anthony Williams
                                        Federal Community Defender
                                        613 Abbott Street, Suite 500
                                        Detroit, Michigan 48226
                                        Email: Benton_Martin@fd.org
                                        Phone: 313.967.5832

Date: August 29, 2023

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

        Appellee,        CASE NO.: 22-3067

v.

ANTHONY WILLIAMS,

        Appellant.
_____/

## CERTIFICATE OF SERVICE

    I, hereby certify that on August 29, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

        **FEDERAL COMMUNITY DEFENDER**

        s/Jennifer Mellas
        Paralegal
        Federal Community Defender
        613 Abbott Street, Suite 500
        Detroit, MI 48226
        Phone: 313-967-5859
        E-mail: Jennifer_Mellas@fd.org

Dated: August 29, 2023