UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

        Appellee,         CASE NO.: 22-3067

v.

ANTHONY WILLIAMS,

        Appellant.
_____/

**REPLY TO GOVERNMENT'S OPPOSITION
TO APPLICATION PERTAINING TO
<u>RELEASE PENDING APPEAL</u>**

    Anthony Williams filed an Application Pertaining to Release Pending Appeal. *See* App., Doc. 2014617. The Government opposed. *See* Gov. Opp., Doc. 2015972. Mr. Williams replies to that opposition, pursuant to Circuit Rule 9(b), stating the following:

    1.    Mr. Williams' application was filed pursuant to Federal Rule of Appellate Practice 9(b) (entitled "Release After a Judgment of Conviction."), which states two alternatives for how a party may apply to a circuit court for release pending appeal. A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction <u>either</u> "by filing a notice of appeal from that order in the district court", <u>or</u> "by filing a motion in the court of appeals if the party has already

1

filed a notice of appeal from the judgment of conviction." F.R.A.P. 9(b). Here, Mr. Williams already filed a motion for release in the district court, which was denied (*see* App., Doc. 2014617, Ex. A.), and had also already filed his notice of appeal in this court, see Notice of Appeal, Doc. 1965330. Thus, an application to this court was the proper format for review of the lower court's denial.

2.  Circuit Rule 9(b) elaborates on the general appellate rule. It specifically clarifies that "the application, any response thereto, and a reply to the response must comply with FRAP 27(d)(1)-(2)," and that those space limitations may only be exceeded if authorized by the court or a judge thereof. Circuit Rule 9(b). It also very precisely specifies what "the application must contain", and in what order. *Id.* Notably,

> "where the applicant is the defendant, [the application must contain] a <u>concise</u> statement of the question or questions involved in the appeal, with a showing that the appeal raises a substantial question of law or fact likely to result in reversal or in an order for a new trial. <u>Sufficient</u> facts must be set forth to present the <u>essential</u> background and the manner in which the question or questions arose in the district court.

Circuit Rule 9(b)(3) (emphasis added). Rule 9(b) does not contemplate, nor allow for, a full briefing of the appellate issues in the Application.

3.  The Government inappositely cites *Graham v. United States*, 12 A.3d 1159 (D.C. Cir. 2011) for the proposition that a party raising an issue without supporting argument on appeal has abandoned that issue. *See* Opp., Doc. 2015942, at 18-19; *see Graham*, 12 A.3d at 1167 n.10. In *Graham*, this court was addressing an issue that the

2

appellant "vaguely argued" in the appellant brief. *Graham*, 12 A.3d at 1167 n.10. *Graham* cited to an earlier decision, *Bardoff v. United States*, 628 A.2d 86 (D.C. Cir. 1993), in which this Court found Circuit Rule 28(a)(5) to require appellant briefs to provide adequate supporting arguments "as to the issues presented, and the reasons therefor, with citation to the authorities, statutes and parts of the record relied on." *Id.* (citing *Bardoff*, 628 A.2d at 90 n.8; see Cir. R. 28(a)(5). Rule 28(a)(5) specifically applies to appellant briefs, not other motions in general, or specifically Applications for Release Pending Appeal. That's why there's a separate rule for such applications. *See* F.R.A.P. 9(b); Cir. R. 9(b). And that rule cites to the content and formatting requirements of Rule 27(d), which governs motions, not briefs.

4.  Mr. Williams' Application was appropriately concise and sufficient in providing the essential background and the manner in which the question or questions arose in the district court. The Application cites and summarizes the district court order denying his application, and attaches it in its entirety. *See* App., Doc. 2014617, at 2; Ex. C, Minute Order 10/14/22. As explained in that order, Mr. Williams argued to the district court that another D.C. district judge held in at three different cases that § 1512(c)(2) did not apply to the actions of January 7 defendants who did not take "some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence an official proceeding". *See* App., Ex. C; *see United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022), *rev'd by United States v. Fischer*, 64 F.4th 329 (D.C. Cir.

3

2023); *United States v. Fischer*, 2022 WL 782413 (D.D.C. March 15, 2022), *rev'd by Fischer*, 64 F.4th 329. The recitation of the order is, indeed, a concise yet sufficient way of explaining to this Court how the question arose in the district court.

5. The Application also provides a showing that the appeal will raise substantial issues of law, as explained by citing to the rulings and pending appellate litigation in other January 7th cases. As pointed out by the Government in its opposition, this circuit's standard for substantiality, set out in in *U.S. v. Perholtz*, 836 F.2d 554 (D.C. Cir. 1987), is "a close question or one that very well could be decided the other way." *See* Opp., Doc. 2015972, at 11; see *Perholtz*, 836 F.2d at 555-56. Again, as Mr. Williams raised in his motion for bond pending appeal to the district court and in the application to this court, the issue of whether § 1512(c)(2) applies to the actions of January 6th participants was decided the other way on three different occasions by a judge of this district, who found that obstructive conduct under § 1512(c)(2) must have a nexus to documentary or tangible evidence. *See Miller,* 589 F.Supp.3d 60, *rev'd by Fischer*, 64 F.4th 329; *Fischer*, 2022 WL 782413, *rev'd by Fischer*, 64 F.4th 329. The district court therefore misapplied *Perholtz* in deciding that the issue wasn't substantial simply because it found the opposing argument "unpersuasive" and that a majority of decisions had rejected the necessity of a nexus of tangible or documentary evidence. *See* App., Doc. 2014617, Ex. C. The fact that at least one judge of the same district had decided

4

the other way definitionally meant that the question "could be decided the other way." *See Perholtz*, 836 at 555-56.

6. Granted, this court subsequently reversed the district court's decisions in *Miller*, *Fischer,* and *Lang*. *Fischer*, 64 F.4th 329. But that decision in *Fischer* does not negate the substantiality of the issue of Mr. Williams' appeal, for two reasons.

7. First, the appellees in *Fischer* moved this Court to stay the mandate in Fischer pending their petitions for writ of certeriorari. *See United States v. Fischer*, Case No. 22-3038 (D.C. Cir.), Doc. #2001058, Doc #2001075. The Government opposed these motions, arguing, in part, that the defendants had failed to establish that any certiorari petition would present a substantial question. *See Fischer*, Case No. 22-3038 (D.C. Cir.), Doc. 2002500, at 1. This court rejected that argument and granted the motions to stay the mandate pending writs of certiorari. *See Fischer*, Case No. 22-3038 (D.C. Cir.), Doc. 2002500, at 1. Clearly, the issue remains substantial. And indeed, all three appellees have now filed petitions arguing that § 1512(c)(2) does not apply to their actions on January 6th. *See* Ex. E, Fischer cert petition; Ex. F., Lang cert petition; Ex. G, Miller cert petition.

8. Second, as laid out in the Application, the split decision in *Fischer* established the substantiality of another of Mr. Williams' appellate issues: whether § 1512(c)(2) includes a specific intent to act corruptly, and whether, therefore, the trial court erred in denying the defense's proposed jury instruction as to that intent element.

5

*See* App., Doc. 2014617, at 4. (The Government feigns confusion over "whether or how the issue of the proper definition of "corruptly arose in the district court in [t]his case (e.g. challenge to sufficiency, jury instructions, or indictment)", claiming that the Application "does not address" this. *See* Opp., Doc. 2015972, at 18. But it's right there in page 4 of the Application.) The apparent disagreement between the circuit judges on the *Fischer* panel as to a specific corrupt intent element—and, indeed, whether the *Marks* rule would make the concurrence's opinion on the matter part of the holding of the court—provides a development in the law, occurring after the district court's denial of the initial motion for release pending appeal, to further support Mr. Williams' argument that his appeal will contain "substantial issues". *See* App., Doc. 2014617, at 4. Indeed, the fact that the members of the *Fischer* panel disagreed on this point, and disagreed on whether the issue had yet been settled, establishes that it is a substantial question that "could be decided" in Mr. Williams' favor. *See Perholtz*, 836 at 555-56. And lo—all three appellees in *Fischer* have raised the "corrupt intent" question in their petitions for writ of certeriori, with Miller specifically listing it as one of his Questions Presented. *See* Ex. E at 19; Ex. F at 8; Ex. G at i.

9.  The Government also argues that, because Mr. Williams did not mention the "corrupt intent" jury instruction issue in his district court motion for release, "this asserted ground for release is not properly before this Court." *See* Opp., Doc. 2015972, at 16. Indeed, the government is right that "initial resolution of an application for

6

release pending appeal is a function historically committed to trial judges." *Id.* at 16-17; *see, e.g., United States v. Stanley*, 469 F.2d 576, 581 (D.C. Cir. 1972).  But this Court is well aware that new circumstances, including changes of law, that arise after the denial of a request for release at the lowest adjudicative level need not be subjected to requirements of "issue exhaustion"—which would necessitate the filing of a fresh request, and a delay in obtaining a response—before seeking appellate review, particularly when the new basis merely adds to the arguments already made.  Such rejection of issue exhaustion requirements was common in relation to compassionate release motions during the pandemic.  *See, e.g., United States v. Williams*, 773 F.Supp.3d 772, 775 (E.D. Mich. 2020) (citing *Miller v. United States*, 453 F.Supp. 3d 1062, 1065 (E.D. Mich. 2020)("The Government argues that Miller's exhaustion should not be honored, because he did not specify requesting release due to the Covid-19 outbreak.  The Court finds this argument to be unfounded.  Miller, then and now, seeks release due to his myriad of serious health conditions.  The Covid-19 pandemic merely accentuates his meritorious claims for release.").  As in that other *Williams* case, our Mr. Williams

> described several circumstances in his [motion for release] that he felt were [substantial issues]. . . . He now advances others, which has arisen since the request first was tendered.  But the underlying authority and ground for the relief sought has not changed, and it would be inappropriate under the circumstances to impose any further exhaustion requirement. . .

*Id.* at 775.

7

10. The Government suggests that, even if this Court were to find the "corrupt intent" question to be a substantial issue, Mr. Williams has failed to show in his Application that he could be entitled to reversal or new trial because "it is unclear that the jury instruction at trial does not satisfy" Mr. Williams' preferred definition. *See* Opp., Doc. 2015972, at 20. On the contrary, the jury instruction used over Mr. Williams' objection was very clearly worded as a logical expression: "to act corruptly means the defendant must use unlawful means [OR] have a wrongful or an unlawful purpose [OR] both." *See id.* at 20, Attach. 4 at 6. In other words, the jury in Mr. Williams' case was instructed that they could find he acted corruptly solely on the basis of a factual finding that he "used unlawful means", without having any "wrongful or unlawful purpose" in doing so. No specific intent needed. The trial court's additional proviso that "defendant must also act with 'consciousness of wrongdoing'", *id.*, is merely a "conventional requirement for criminal conduct"; in other words, an essential element of a general intent crime. *See Morissette v. United States*, 342 U.S. 246, 260 (1952).

11. Finally, the Government wrongly claims that the substantial issue of the missing "corrupt intent" instruction was not preserved at trial. *See* Opp., Doc. 2015972, at 20. But the government provides a copy of the precise "Defense Objections ('Corruptly')" in which Mr. Williams asked that the instruction on corruptly include the line:

8

> The government must prove beyond a reasonable doubt that the natural and probable effect of the defendant's actions were to obstruct the official proceeding; that he knew his actions were likely to obstruct that proceeding; and <u>that he acted with the wrongful or improper purpose of delaying or stopping the official proceeding</u>.

*Id.*, Ex. 2 at p.22 (emphasis added). Indeed, this proposed instruction, which was rejected by the court in the final instructions, *id.*, Ex. 4 at p.6, does preserve for appeal the issue of whether it was a required instruction regarding an essential special intent element. Thus, if Mr. Williams (and Judge Walker of this Circuir) are right about corrupt intent being an essential element of § 1512(c)(2), then Mr. Williams' appeal of the denial of a specific corrupt intent jury instruction certainly <u>will</u> result in reversal or new trial.

12. For the reasons stated in the Application, this Court should grant Mr. Williams release pending appeal.

Respectfully submitted,

<u>s/ Jean Pierre Nogues</u>
<u>s/ Benton C. Martin</u>
Counsel for Anthony Williams
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: Jean_Nogues@fd.org
Phone: 313.967.5840

Date: September 15, 2023

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

        Appellee,        CASE NO.: 22-3067

v.

ANTHONY WILLIAMS,

        Appellant.
_____/

### CERTIFICATE OF SERVICE

I, hereby certify that on September 15, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

        **FEDERAL COMMUNITY DEFENDER**

        s/Jean Pierre Nogues
        s/ Benton C. Martin
        Counsel for Anthony Williams
        Federal Community Defender
        613 Abbott Street, Suite 500
        Detroit, Michigan 48226
        Email: Jean_Nogues@fd.org
        Phone: 313.967.5840

Dated: September 15, 2023